Could the court call the next case, please? 3080537, People of the State of Illinois, Appellee Barbara Hansen v. Jackie J. Williams, Jr., Appellant Barbara Paschen. Thank you, Ms. Paschen. Good afternoon. My name is Barbara Paschen. I'm with the Appellate Defender's Office. I represent Jackie Williams, Jr. In a case where I have argued that trial defense counsel was ineffective because he promulgated a defense that was not legally available. He presented evidence. Well, he elicited evidence from Mr. Williams on the stand that he had a prior armed robbery where the charge was felony murder based upon an attempt on robbery. He elicited information from the defendant in his testimony about his gang affiliation and how it was other than that of the victim. There's a problem about counsel's argument at the post-trial motion regarding ineffective assistance of counsel, mainly because had someone been given an opportunity to look at it, I think someone would have noticed that these errors occurred. Because we're here on my opponent's objection to your Honor's order that there would not be an oral argument, I'm going to rest on my brief for my opening remarks, and I'll reply as necessary after counsel has made his argument, with your permission. Mr. Hansen. Good afternoon. Good afternoon, Your Honors. Your Honor, given my opponent's position, my comments will be very brief. I will rely on my brief and everything I've said therein as to the use of the defense of withdrawal, bringing out the prior conviction, and bringing out the gang evidence. Except on the gang evidence in particular, I'd point out that I think counsel would have been incompetent not to bring out the gang evidence. That explained his having the gun. No, I didn't have the gun to be an armed robber. I had the gun because I'm going into a rival gang neighborhood, and indeed the victim of the thing said, what are you doing bringing a rival gang member to this neighborhood? The main point I'd like to make is on the conflict of interest argument, there was simply none here in counsel arguing the post-trial motion which had no allegations of ineffectiveness. Those allegations were made in the pro se motion. The judge denied it. In that case, the law is cleared. Eggleston's one of the cases that says the judge need not appoint a new attorney. So the, and that's not up on appeal. Nobody's arguing. The Mitz, Baltimore, not adequately inquiring into a defendant's pro se allocations of ineffectiveness. So what we have is the fact that counsel argued his own motion to, for a new trial. And indeed the defendant, the invited error doctrine, asked that he be kept on to argue that motion. That's our big point. That's our reason for not wanting to waive. Defendant lost on his pro se allegations. That matter's not up on appeal. He asked that defense counsel argue the post-trial motion. That's what happened. Invited error, which I cite in my brief. I think the Carter case says you can't take one position below, then get the judge to go along with you and complain of it on appeal. Thank you. Are there any questions for Mr. Hanson? You just sitting down because you're outnumbered here today or? Oh, no. I didn't really notice, Judge, and I'm not overly paranoid. Thank you. Ms. Cashion. I would say that about the gang evidence. I would agree with Mr. Hanson if I were a prosecutor, but I'm not. And Mr. Williams needed a defense attorney in the courtroom with him. That jury didn't hear anything about gang involvement, gangs, anything about gangs until the defense told them about it. And people don't like gang members. If any one of those jurors had been wavering about his or her decision, hearing that he was a gang member might have pushed that person over the edge. I think that's worse than being in a drug fight or a drug deal. Well, worse. I mean, they already had some unpleasant evidence. There was definitely there was definitely unpleasant evidence in this case. The defense didn't need to make it less even less pleasant. With regard to the assertion that the defendant asked to keep counsel with the post-trial motion, I don't exactly agree with that. Yes, he did say he would stick with counsel as opposed to going pro se. This was a relatively young man, not well educated. And the judge and I'm not complaining, but the judge did sort of put him on the spot. He said, OK, you don't get to have new counsel to hear your motion about counsel's ineffectiveness. So are you on your own now or are you keeping him to argue your other issues? So the fact I don't think he asked to keep the counsel he didn't like. I think it was a question of whether he was going to go pro se and he's even worse than the guy he's got or stick with the counsel. Evil that he knows. Questions. Thank you, Your Honor. Thank you. We thank both of you for your arguments this afternoon, such as a look. We will take this matter under advisement and will issue a written decision as quickly as possible. The court will now stand.